**United States District Court**
For the Northern District of California

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE BROBECK, PHLEGER & HARRISON,

Debtor.

_____ /

No. C 09-01517 JSW

**ORDER RE: BANKRUPTCY APPEAL**

Now before the Court is the appeal filed by the Trustee for the Brobeck, Phleger & Harrison LLP Retirement Savings Plan ("Plan Trustee") from the final order by the bankruptcy court dated February 23, 2009 in favor of Trustee for the Bankruptcy Estate of Brobeck, Phleger & Harrison LLP ("Case Trustee"). Pursuant to Civil Local Rule 16-4, the Court deems this case submitted on the papers without oral argument. Having carefully reviewed the administrative record and considered the parties' papers, their arguments and the relevant legal authority, and good cause appearing, the Court hereby AFFIRMS the bankruptcy court's judgment.

**BACKGROUND**

On February 10, 2003, the dissolution of Brobeck, Phleger and Harrison LLP ("Brobeck") became effective. Involuntary bankruptcy proceedings against Brobeck began on September 17, 2003 under title 11 of the United States Bankruptcy Code. Prior to the firm's dissolution, partners were covered by the Brobeck, Phleger & Harrison LLP Retirement Savings Plan ("the Plan"), a "defined contribution plan" subject to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Brobeck was required to make certain profit sharing and matching contributions to the Plan on behalf of its partners for 2002 ("2002

Contributions"). However, it is undisputed that no contributions were made that year.

On behalf of a substantial majority of the former partners ("the Former Partners"), the Plan Trustee filed proofs of claim against the Brobeck estate, including claims on account of the missing 2002 Contributions. Between January 13 and January 21, 2005, the Case Trustee filed complaints in the Bankruptcy Court against 223 Former Partners alleging that they had taken over one hundred million dollars in unlawful distributions of firm profits in 2001 and 2002 while Brobeck was insolvent. Ultimately, the Case Trustee settled with all of the Former Partners pursuant to a comprehensive settlement agreement in which the Former Partners paid over $24 million to Brobeck's bankruptcy estate and released all of their claims pending against the estate. The bankruptcy court entered an order approving the settlements and directed that any settlements on account of the Plan contributions would be offset, dollar for dollar, against the Plan Trustee's claims.

In 2008, the Plan Trustee disputed the validity of the waiver and release by the Former Partners and asserted that only the Plan Trustee himself could assert claims to recover the 2002 Contributions to Brobeck's defined contribution plan. The Plan Trustee contended that the Former Partners could not have waived rights to claims they never could have asserted. The bankruptcy court rejected the contention and sustained the Case Trustee's objection to the Plan Trustee's claim. The court concluded that the Former Partners had standing to assert a claim under ERISA to recover the missed contributions. Thereafter, the Plan Trustee filed an appeal before this Court.

All other pertinent findings of fact and conclusions of law of the bankruptcy court will be discussed below where relevant.

## ANALYSIS

**A.      Standard of Review of Bankruptcy Court's Judgment.**

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. 28 U.S.C. § 158. On appeal, a district court must review a bankruptcy court's findings of fact under the clearly erroneous standard and its conclusions of law de novo. Fed. R. Bankr. P. 8013; *see also Sigma Micro Corp. v. Healthcentral.com (In re*

2

*Healthcentral.com)*, 504 F.3d 775, 783 (9th Cir. 2007). The test for clear error is not whether the appellate court would make the same findings, but whether the reviewing court, based on all of the evidence, has a definite and firm conviction that a mistake has been made. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). A reviewing court may not overturn a decision, even if it would have weighed in the evidence in a different manner, so long as the trial court's view of the evidence is plausible in light of the entire record. *Id.* at 573-74. In applying the clearly erroneous standard, the appellate court views the evidence in the light most favorable to the party who prevailed below. *Lozier v. Auto Owners Ins. Co.*, 951 F.2d 251, 253 (9th Cir. 1991).

**B.     The Bankruptcy Court Did Not Err In Its Findings of Fact.**

On appeal, the district court must review a bankruptcy court's findings of fact under the clearly erroneous standard. Fed. R. Bankr. P. 8013. The facts, as carefully outlined by the bankruptcy court are, for the most part, procedural in nature. There is no dispute between the parties regarding the accuracy of the material facts as stated by the bankruptcy court.

**C.     The Bankruptcy Court Did Not Err In Its Conclusions of Law.**

On appeal, the district court must review a bankruptcy court's conclusions of law under the de novo standard. *In re Healthcentral.com*, 504 F.3d at 783. The bankruptcy court, faced with the claim objection, had to address the ultimate legal question whether the Former Partners released their ERISA claims against Brobeck for the 2002 Contributions and/or waived their rights to share in any funds collected. However, first the court had to address whether the Former Partners had a cognizable ERISA claim against Brobeck to release. (*Id.*) The bankruptcy court correctly found that the Former Partners, as participants in the Plan, had the right to sue for monetary relief for benefits to which they claimed entitlement under the terms of their benefit contribution plan pursuant to 29 U.S.C. § 1132(a)(1)(B) ("Section 502(a)(1)(B)").

Section 502(a)(1)(B) provides that a participant or beneficiary may bring a civil action to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. This section deals exclusively with contractual rights under the plan, as it was designed "to protect

3

contractually defined benefits." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985). There is no dispute that Brobeck had a contractual obligation to make the 2002 Contributions. Therefore, the bankruptcy court correctly concluded that the claim against Brobeck would be for breach of contract and it would be the Former Partners, as participants or beneficiaries under the Plan, who would have standing to assert such a claim. The court correctly found that if the Former Partners had a claim to the missed contributions as a recovery for "benefits due" under Section 502(a)(1)(B), such a claim could be asserted against Brobeck as the Plan's administrator.

Next, the bankruptcy court addressed whether a participant's claim for missed employer contributions is a proper claim to "recover benefits due." The legal issue presented was whether a participant in a defined contribution plan can bring a claim for unpaid employer contributions under ERISA Section 502(a)(1)(B).[1] The court relied on a recent case addressing, in the context of a defined contribution plan, whether unpaid and owing contributions constitute assets. The Seventh Circuit, Judge Posner presiding, held:

> Contributions to a plan and benefits owed by a plan are not necessarily equivalent, and section [502](a)(1)(B) authorizes suit only for benefits. But the benefits to which [the participant] was entitled were the assets that would have been in her 401(k) account had the defendants complied with their fiduciary duties.

*Leister v. Dovetail, Inc.*, 546 F.3d 875, 881 (7th Cir. 2008); *see also Simons v. Midwest Telephone Sales and Service, Inc.*, 433 F. Supp. 2d 1007, 1010 (D. Minn. 2006) (finding that participant's claim for unpaid contributions was a proper claim for "benefits due" under Section 502(a)(1)(B)). This Court finds the reasoning of the bankruptcy court persuasive and upholds its legal finding that unpaid contributions are a "benefit due" for which a participant may sue under Section 502(a)(1)(B). Accordingly, the Court affirms the bankruptcy court's finding that

---

[1] A defined contribution plan, as distinct from a defined benefit plan, "promises the participant the value of an individual account at retirement, which is largely a function of the amounts contributed to that account and the investment performance of those contributions. A 'defined benefit plan,' by contrast, generally promises the participant a fixed level of retirement income, which is typically based on the employee's years of service and compensation." *LaRue v. DeWolff, Boberg & Associates, Inc.*, 552 U.S. 248, 250 n.1 (2008).

4

the Former Partners had a claim to assert under Section 502(a)(1)(B) and released those claims against Brobeck for the unpaid contributions.

**CONCLUSION**

For the foregoing reasons, the judgment entered by the bankruptcy court in favor of Defendant on February 23, 2009 and the underlying findings of fact and conclusions of law are AFFIRMED.

**IT IS SO ORDERED.**

Dated: March 16, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE